UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

ANTONIO DELK,

        Petitioner,

v.

JOHN KING, Warden,

        Respondent.

Civil No. 11-1101 (JRT/SER)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for a writ of habeas corpus. The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that this case be summarily dismissed without prejudice.

Petitioner's habeas corpus petition, (Docket No. 1), was filed on April 26, 2011, and it was promptly reviewed by this Court pursuant to Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts. Upon conducting the Rule 4 review, the Court found that Petitioner apparently had not exhausted all of his available state court remedies for all of the claim presented in his petition, as required by 28 U.S.C. § 2254(b). *See also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Petitioner was therefore directed to either (a) file an affidavit that would explain how he had exhausted all of his state court remedies for each of his federal habeas corpus claims, or (b) file an amended petition that presented only claims for which all available state court remedies had been exhausted fully. (*See* Order dated May 5, 2011; [Docket No. 4].) Petitioner was advised expressly that if he did not comply with Court's directive within thirty (30) days, he would be deemed to have abandoned this action, and it would be recommended that the action be summarily dismissed pursuant to Fed. R. Civ. P. 41(b).

The deadline for complying with the Court's prior order expired more than three months ago, and Petitioner has not yet filed an affidavit or amended petition, nor has he offered any excuse for his failure to do so. Indeed, Petitioner has not communicated with the Court at all since he commenced this action by filing his original habeas corpus petition. Therefore, it is now recommended, in accordance with this Court's prior order, that Petitioner be deemed to have abandoned this action, and that the action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b). *See Henderson v. Renaissance Grand Hotel*, 267 Fed.Appx. 496, 497 (8th Cir. 2008) (unpublished opinion) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order."); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31 (1962) (recognizing federal court's inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

Finally, given the Court's determination that this action should be summarily dismissed, it will also be recommended that Petitioner's pending application for leave to proceed *in forma pauperis*, (Docket No. 2), be denied.

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for leave to proceed *in forma pauperis*, (Docket No. 2), be **DENIED**; and

2. This action be summarily **DISMISSED WITHOUT PREJUDICE**.

Dated: September 22, 2011

    *s/Steven E. Rau*

    STEVEN E. RAU

                                                  United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **October 7, 2011**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.